UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IRENE KOST,

                              Plaintiffs,                            *COMPLAINT*

        -against-

                                                                 PLAINTIFFS
                                                                 DEMAND TRIAL
NATIONAL GRID USA and                              BY JURY
NATIONAL GRID USA SERVICE
COMPANY, INC.,

                              Defendants.
-----------------------------------------------------------------X

Plaintiff, by her attorneys, FLYNN & LAURIELLO, PLLC, complaining of the defendants, respectfully allege as follows:

## **THE PARTIES**

1. That at all times hereinafter mentioned, plaintiff IRENE KOST was a citizen of the State of New York.

2. Defendant NATIONAL GRID USA is corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

3. At all times hereinafter mentioned, defendant NATIONAL GRID USA was a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and was doing business in Islip, County of Suffolk, State of New York, within the jurisdiction of this Court.

4. Defendant NATIONAL GRID USA has its principal place of business in the State of Massachusetts.

5. Defendant NATIONAL GRID USA SERVICE COMPANY, INC. is corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

6. At all times hereinafter mentioned, defendant NATIONAL GRID USA SERVICE COMPANY, INC. was a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and was doing busines in Islip, County of Suffolk, State of New York, within the jurisdiction of this Court.

7. Defendant NATIONAL GRID USA SERVICE COMPANY, INC. has its principal place of business in the State of Massachusetts.

8. At all times hereinafter mentioned, defendant NATIONAL GRID USA SERVICE COMPANY, INC. had its principal place of business in the State of Massachusetts.

**JURISDICTION**

9. Plaintiff IRENE KOST is a citizen of the State of New York.

10. The defendant NATIONAL GRID USA is a citizen of a state other than New York State.

11. The amount in controversy in cause of action of plaintiff as and against the defendant NATIONAL GRID USA exceeds $75,000.00.

12. The Court has jurisdiction of the subject matter of the cause of action of plaintiff as and against the defendant NATIONAL GRID USA arises pursuant to 28 USC § 1332.

13. The defendant NATIONAL GRID USA SERVICE COMPANY, INC is a citizen of a state other than New York State

14. The amount in controversy in cause of action of plaintiff as and against the defendant NATIONAL GRID USA SERVICE COMPANY, INC. exceeds $75,000.00.

15. The Court has jurisdiction of the subject matter of the cause of action of plaintiff as and against the defendant NATIONAL GRID USA SERVICE COMPANY, INC. arises pursuant to 28 USC § 1332.

**LIABILITY**

16. Upon information and belief, that at all times hereinafter mentioned, the defendants owned, operated, managed and controlled the underground gas pipe(s), positioned below the public sidewalk level, on the north side of Montauk Highway, NYS Route 27A, aka Main Street, Islip, County of Suffolk, State of New York, hereinafter "MAIN STREET".

17. Upon information and belief, that at all times hereinafter mentioned, defendants operated, managed, directed and controlled the work and labor involved with the

excavation, erection, demolition, installation, construction, repair, inspection, maintenance, and alteration, removal and placement of the underground gas pipe(s), positioned below the public sidewalk level, at "MAIN STREET".

18. Upon information and belief, that at all times hereinafter mentioned, defendants operated, managed, directed and controlled the work and labor involved with the erection, installation, construction, repair, inspection and maintenance of a silt fence adjacent to the public sidewalk at ground level at "MAIN STREET".

19. That at all times hereinafter mentioned, plaintiff IRENE KOST was a pedestrian on the public sidewalk at "MAIN STREET".

20. That on April 5, 2021, as plaintiff was walking on the public sidewalk, she was caused to trip, slip, fall and sustain the injuries set forth herein, hereinafter due to presence of an unsafe condition of defendants' silt fence, which was then and there upon the public sidewalk.

21. That the aforesaid was due to the carelessness and negligence of the defendants, its agents and/or employees, in causing, permitting, and allowing the slit fence to be, become, and remain improperly, inadequately, and insufficiently constructed, erected, installed, maintained, inspected, repaired and kept in repair; in causing, permitting and allowing the use of unsafe work methods, inadequate and unsafe work equipment, tools and devices; in causing and permitting work to be performed without proper safeguards; in failing to furnish or erect or caused to be furnished or erected, stakes, posts, cables,

4

stays, slings, bracing and other devices, in failing to provide a safe place to walk, in creating and maintaining a public nuisance upon the public sidewalk, in failing to provide safe work methods; and in otherwise being careless and negligent, and due to no fault or lack of care on the part of plaintiff IRENE KOST.

## DAMAGES

22. That as a result of the foregoing, plaintiff IRENE KOST sustained injuries to her face, head, right shoulder, right arm, other limbs and body, severe shock to her nervous system and, has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life, disruption of the activities of daily living, and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; all to plaintiff's damage in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries and losses.

Wherefore, plaintiff demands judgment against the defendants in a sum to be determined at jury trial, that will fairly and adequately make the plaintiff whole for said harms, injuries, and losses, together with the costs and disbursements of this action.

Dated: July 29, 2021
New York, New York

                               **FLYNN & LAURIELLO PLLC**
                               **Attorneys for Plaintiff**

BY *Valerie J Lauriello*
VALERIE J. LAURIELLO
Attorney at Law
Office & P.O. Address
5 Penn Plaza – 23rd Floor
New York, New York 10001
Tel. 212-896-3812
Fax 866-855-3813
VJLauriello@MDFlynnLaw.com

6